IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
   :
        v.    :    No. 1498 C.D. 2022
   :    Submitted: February 6, 2024
2016 Black Jeep Rubicon   :
PA LIC #KDS5038,   :
VIN #1C4HJWCG5GL172867   :
and all contents in vehicle   :
   :
Appeal of: Gregory Oberdick   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED: June 4, 2024


Gregory Oberdick (Owner) appeals an order of the Court of Common Pleas of York County (trial court) that granted the Commonwealth of Pennsylvania's petition for civil forfeiture of his 2016 black Jeep Rubicon. The trial court rejected Owner's claim that the forfeiture of his vehicle imposed an excessive fine for the criminal offense of possession with intent to deliver methamphetamine, to which he pled guilty. Upon review, we reverse.

On October 30, 2020, the Commonwealth filed a petition for civil forfeiture[1] of Owner's black Jeep Rubicon. The petition alleged that Owner was arrested on October 6, 2020, for possession with intent to deliver methamphetamine and that the vehicle had been used to transport methamphetamine in violation of The

---

[1] The petition was filed pursuant to the statute commonly known as the Forfeiture Act, 42 Pa. C.S. §§5801-5808.

Controlled Substance, Drug, Device and Cosmetic Act.[2] The petition further alleged that the vehicle represented "income or proceeds of an illegal drug transaction" because there was no lien on the vehicle's title. Forfeiture Petition, ¶5; Original Record, Item No. 2.

Owner filed an answer and new matter, in which he denied that the vehicle was purchased with proceeds of a drug transaction. He also asserted that the forfeiture of his vehicle violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution[3] and Article I, Section 13 of the Pennsylvania Constitution's prohibition against excessive fines.[4]

The trial court held a hearing. The Commonwealth presented Tanner Tyson, a detective, to testify. Tyson stated that he and another detective at the York County Drug Task Force had received information that on October 6, 2020, Owner was going to deliver crystal methamphetamine to an individual named Mike Sonan. Surveillance was set up at Owner's residence and at the expected delivery location. Owner was observed leaving his residence in his Jeep and arrived at the expected location in the same vehicle. Owner was arrested and found to be in possession of three "balls" of crystal methamphetamine.[5] Notes of Testimony, 11/21/2022, at 8 (N.T. __); Reproduced Record at 16a (R.R. __).

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101-780-144.

[3] U.S. CONST. amend. VIII. It states as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Id*. The Excessive Fines Clause is made applicable to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-34 (2001).

[4] PA. CONST. art. I, §13. The Pennsylvania Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." *Id*.

[5] "Balls" is a short term for "an eight ball," which "would be an eighth ounce, approximately 3.5 grams a piece." N.T. 8; R.R. 16a.

Tyson testified that he spoke with Owner, who admitted that he deals crystal methamphetamine; regularly sells it to Sonan, about two ounces at a time, and to another person; and "gets" approximately one pound of methamphetamine every month or so, at a cost of $7,600. N.T. 11-12; R.R. 19a-20a. Owner had not been employed "since the middle of 2019." N.T. 12; R.R. 20a.

By order of November 21, 2022, the trial court granted the Commonwealth's petition for forfeiture of the Jeep. In its PA.R.A.P. 1925(a) opinion, the trial court stated that the Commonwealth presented clear and convincing evidence that on October 6, 2020, Owner used his Jeep to transport methamphetamine to facilitate the sale of illegal drugs. Also, Owner admitted to the police that he regularly sold drugs to Sonan and one other individual. The trial court found that the vehicle was "important to the success of that illegal activity because it was used as a method of transporting [Owner] to conduct drug transactions[.]" Trial Court 1925(a) Op. at 4; R.R. 5a. The trial court rejected Owner's contention that his use of the vehicle to deliver the drugs was an "isolated event" because "the sale of illegal drugs was [Owner's] livelihood, and he admittedly served at least two customers on a regular basis." Trial Court 1925(a) Op. at 6; R.R. 7a. The trial court concluded that Owner used the Jeep to deliver illegal drugs "on a repeated and regular basis," and the vehicle thus "was instrumental to [Owner's] drug business[.]" Trial Court 1925(a) Op. at 4, 6; R.R. 5a, 7a. The trial court further stated that "it is reasonable to conclude" that the Jeep "was purchased with drug money" because Owner had no other income and there was no lien on the vehicle. Trial Court 1925(a) Op. at 6; R.R. 7a.

The trial court also held that the forfeiture of the vehicle, which was valued at $45,000, was not grossly disproportionate to the gravity of the offense

3

because possession with intent to deliver methamphetamine is a felony with maximum confinement of 10 years and a maximum fine of $100,000. Accordingly, that forfeiture of the vehicle did not violate the Excessive Fines Clause under the Eighth Amendment.

Owner appealed to this Court.

On appeal,[6] Owner argues that the trial court's excessive fines analysis under the Eighth Amendment was conclusory and erroneous. The trial court found that the vehicle was an instrumentality because it was regularly used to deliver methamphetamine to Owner's buyers. However, the evidence showed that the vehicle was used once in the sale of drugs. Likewise, there was no evidence that the Jeep was purchased with drug money. The absence of a lien equally supports the inference that the Jeep was a gift or purchased with funds lawfully accumulated while Owner was still employed. Owner also contends that the trial court's proportionality analysis was flawed. The trial court should have focused on Owner's "culpability," rather than "the severity of the crime in the abstract." Owner Brief at 8 (quoting *Commonwealth v. 1997 Chevrolet and Contents Seized from Young*, 160 A.3d 153, 189 (Pa. 2017) (*1997 Chevrolet*)). Here, Owner was not sentenced to a term of incarceration or to pay a fine, which confirms "a minimum level of culpability[.]" Owner Brief at 9 (quoting *1997 Chevrolet*, 160 A.3d at 189). The Commonwealth does not mention Owner's sentence, or lack thereof.[7]

---

[6] "Our review of a forfeiture appeal is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether it abused its discretion or committed an error of law." *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street, Philadelphia*, 890 A.2d 35, 38 (Pa. Cmwlth. 2006).

[7] By search of public record, Owner was sentenced to two years of probation on March 7, 2022, for possession with intent to deliver methamphetamine.

4

The Commonwealth responds that it sustained its burden of showing the relationship of the Jeep to the underlying drug offense by a preponderance of the evidence. "[C]ircumstantial evidence" suggested that Owner used the Jeep not only in this particular drug transaction but also in multiple other drug transactions. Commonwealth Brief at 11. That "same evidence" also showed that the Jeep was an instrumentality of the crime for purposes of the excessive fines analysis under the Eighth Amendment. Commonwealth Brief at 15.

The Forfeiture Act, 42 Pa. C.S. §§5801-5808, authorizes forfeiture of any property that has been used to facilitate a drug offense. Section 5802 states, in pertinent part, as follows:

> The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
>
> . . . .
>
> (4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2), except that:
>
>> (i) no bona fide security interest retained or acquired under 13 Pa.C.S. (relating to commercial code) by any merchant dealing in new or used aircraft, vehicles or vessels, or retained or acquired by any licensed or regulated finance company, bank or lending institution, or by any other business regularly engaged in the financing or lending on the security of such aircraft, vehicles or vessels, shall be subject to forfeiture or impairment; and
>>
>> (ii) no conveyance shall be forfeited under this chapter for a violation of section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act.

42 Pa. C.S. §5802.

The Commonwealth has the initial burden of demonstrating that there is a substantial nexus between the property and the prohibited activity. 42 Pa. C.S. §5805(j)(1) ("The burden shall be on the Commonwealth to establish in the forfeiture petition that the property is subject to forfeiture."). It must make its case with clear and convincing evidence. 42 Pa. C.S. §5805(j)(3) (stating, in part, that "[T]he burden shall be on the Commonwealth to establish by clear and convincing evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture.").[8]

The government's power to subject a property to forfeiture is limited by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. *See 1997 Chevrolet*, 160 A.3d 153. In *1997 Chevrolet*, our Supreme Court established an analytical paradigm to guide the Court's analysis of whether the Eighth Amendment will prohibit a property's forfeiture. The inquiry has two parts: instrumentality and proportionality. The Supreme Court explained:

> [F]or purposes of an Excessive Fines Clause challenge to a civil *in rem* forfeiture, *a court must first assess whether the property sought to be forfeited is an instrumentality of the underlying offense. If the property is not found to be an instrumentality of the criminal conduct, the inquiry is dispositive and ends, and the forfeiture is unconstitutional.* If the property is an instrumentality, the inquiry continues to the proportionality prong and an assessment of whether the value of the property sought to be forfeited is grossly disproportional to the gravity of the underlying offense. If it is grossly disproportional, the forfeiture is unconstitutional.

*Id*. at 191 (emphasis added).

---

[8] With the enactment of the Act of June 29, 2017, P.L. 247, No. 13, the legislature raised the Commonwealth's burden of proof to "clear and convincing evidence" from the prior standard of preponderance of evidence.

6

To be an instrumentality, "the property itself is required to be 'significantly utilized in the commission' of the offense." *1997 Chevrolet*, 160 A.3d at 185 (quoting *Commonwealth v. Wingait Farms*, 690 A.2d 222, 227 (Pa. 1997)). The Supreme Court observed that "there may be property that is connected to a crime, but is not significantly used in the crime." *1997 Chevrolet*, 160 A.3d at 185. The Court then identified a series of factors to consider in making the instrumentality determination, which are as follows:

> (1) whether the property was uniquely important to the success of the illegal activity;
>
> (2) whether the use of the property was deliberate and planned or was merely incidental and fortuitous to the illegal enterprise;
>
> (3) whether the illegal use of the property was an isolated event or repeated;
>
> (4) whether the purpose of acquiring, maintaining or using the property was to carry out the offense;
>
> (5) whether the illegal use of the property was extensive spatially and/or temporally; and
>
> (6) whether the property is divisible with respect to the subject of forfeiture, allowing forfeiture of only that discrete property which has a significant relationship to the underlying offense.

*Id*. at 191.

Here, the trial court rejected Owner's claim that the Commonwealth's forfeiture of Owner's vehicle constituted an excessive fine. The trial court, however, did not consider any of the above-listed *1997 Chevrolet* factors in reaching its conclusion that the Jeep "was instrumental to [Owner's] drug business[.]" Trial Court 1925(a) Op. at 4; R.R. 5a. The Commonwealth's evidence showed that Owner used the Jeep in delivering the illegal drugs on October 6, 2020; however, there was no evidence that Owner used the Jeep in any other drug transactions. The

7

Commonwealth's witness testified that Owner admitted to him that he regularly sold drugs to Sonan and another individual, but this statement was absent of any explanation of how those transactions were conducted and whether they involved a vehicle. In concluding that the Jeep was used for drug transactions "on a repeated and regular basis" and "important to the success of th[e] illegal activity[,]" the trial court relied on assumptions and not evidence. Trial Court 1925(a) Op. at 4, 6; R.R. 5a, 7a. Likewise, the record lacks evidence to support the trial court's finding that the Jeep was purchased with drug money. The facts that there was no lien on the vehicle and that Owner had not been employed since 2019 do not necessarily support any inference on the source of the funds that were used to purchase the vehicle.

We hold that the Commonwealth did not meet its burden to prove, by clear and convincing evidence, that the Jeep was the instrumentality of the underlying offense, which is the threshold inquiry. *1997 Chevrolet*, 160 A.3d at 191. Because the Commonwealth did not meet its evidentiary burden on this threshold inquiry, we need not consider whether the forfeiture was grossly disproportionate to the underlying offense.

For the foregoing reasons, we reverse the trial court's November 21, 2022, order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
          v.              :      No. 1498 C.D. 2022
    :
2016 Black Jeep Rubicon           :
PA LIC #KDS5038,              :
VIN #1C4HJWCG5GL172867     :
and all contents in vehicle        :
    :
Appeal of:  Gregory Oberdick     :

## **O R D E R**

AND NOW, this 4th day of June, 2024, the order of the Court of Common Pleas of York County, dated November 21, 2022, in the above-captioned matter, is REVERSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita